UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

08 638

-----------------------------------------------------X

BASILIO TORRES,

Plaintiff,

v.

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DETECTIVE SAMUEL LALLAVE, Shield # 03824, BROOKLYN NORTH NARCOTICS, NEW YORK CITY POLICE OFFICER JOHN DOE # ONE, BROOKLYN NORTH NARCOTICS,

Defendant(s).

-----------------------------------------------------X

**COMPLAINT & JURY DEMAND**

ROSS, J

AZRACK, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 14 2008 ★
BROOKLYN OFFICE

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, BASILIO TORRES, seeks redress for the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, BASILIO TORRES is a United States Citizen and resident of the United States, and at all times relevant herein is a resident of the State of New York.

8. Defendant NEW YORK CITY POLICE DETECTIVE SAMUEL LALLAVE, of Brooklyn North Narcotics, is and at all times relevant, an officer and employee/agent of Defendant NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant DETECTIVE LAVALLE is sued individually and in his official capacity. At all times relevant Defendant DETECTIVE LAVALLE was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee and officer of Defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of his lawful duties. Defendant DETECTIVE LAVALLE was acting

for and on behalf of Defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as police officer, agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to his lawful pursuit of his duties as officer, employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT.

9. Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, also upon information and belief, of Brooklyn North Narcotics, and at all times relevant, an officer and employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICER JOHN DOE NUMBER ONE is sued individually and in his official capacity. At all times relevant, Defendant OFFICER JOHN DOE NUMBER ONE, was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee of Defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of his lawful function in the course of his duties. Defendant JOHN DOE NUMBER ONE was acting for and on behalf of Defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as police officer, agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and incidental to his lawful duties as officer, employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT.

10. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and

the employment of Police Officers as said risk attaches to the public consumers of the services provided by Defendant NEW YORK CITY POLICE DEPARTMENT.

11. Defendant NEW YORK CITY POLICE DEPARTMENT, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

**STATEMENT OF FACTS**

12. On February 16, 2006 at approximately 4:30 p.m. Plaintiff, who is a resident of Kings County New York, was in the vicinity of Keap Avenue and South 2nd Street in Kings County Brooklyn New York, when he was approached by Defendant DETECTIVE LALLAVE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE. Upon information and belief, at that time Defendant DETECTIVE LALLAVE, along with Defendant POLICE OFFICER JOHN DOE NUMBER ONE, in full view of individuals known to the Plaintiff, grabbed the Plaintiff and threw him to the ground. DEFENDANT DETECTIVE LAVALLE and Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE then began to strike the Plaintiff about the head and body causing physical injury, bruises and lacerations to Plaintiff's body. Defendant DETECTIVE LAVALLE falsely charged Plaintiff with violating Penal Law sections 220.03 (Criminal Possession of a Controlled Substance in the Seventh Degree) and 215.50 (Resisting Arrest). Plaintiff was handcuffed and physically searched by the Defendant officers, who then transported the Plaintiff to a local police Precinct. Plaintiff was again physically searched at the police precinct. Plaintiff was then transported to Central Booking for processing. Plaintiff was held in the custody of Defendant NEW YORK CITY POLICE DEPARTMENT for approximately twenty

four hours before seeing a Judge in New York Criminal Court. The Plaintiff was subsequently charged by the KINGS'S COUNTY DISTRICT ATTORNEY'S OFFICE with violating Penal Law section 215.50 (Resisting Arrest). Plaintiff was eventually released on his own recognizance. Plaintiff was required to retain legal counsel to defend him against the criminal charges.

**FIRST FEDERAL CLAIM**

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

13. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through twelve (12) as if fully set forth herein.

14. Upon information and belief, the conduct of Defendant DETECTIVE SAMUEL LALLAVE acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully seizing and arresting Plaintiff, physically assaulting Plaintiff, and charging Plaintiff with violating provisions of the New York State Penal Law.

15. That the actions of Defendant DETECTIVE LALLAVE occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**SECOND FEDERAL CLAIM**

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

16. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fifteen (15) as if fully set forth herein.

17. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE of Brooklyn North Narcotics Squad, acting under the color of State Law, violated section 42 U.S.C. 1983 by unlawfully using excessive force, causing physical injury to Plaintiff.

18. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**THIRD FEDERAL CLAIM**

**Violation of Rights secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

19. Plaintiffs incorporate each and every allegation contained in Paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. That upon information and belief the conduct of Defendant New York City Police Officer JOHN DOE NUMBER ONE of Brooklyn North Narcotics acting under the color of State Law did violate Section 42 U.S.C. 1983 by unlawfully arresting and detaining Plaintiff.

21. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of Defendant NEW ORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH FEDERAL CLAIM

**Violation of Right secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

22. Plaintiff incorporates by reference each and every allegation contained in paragraphs One (1) through Twenty One (21) as if fully set forth herein.

23. That upon information and belief the conduct of Defendant NEW YORK CITY POLICE DETECTIVE SAMUEL LALLAVE of Brooklyn North Narcotics acting under color of State law did violate Section 42 U.S.C. 1983 by unlawfully using excessive force in effectuating the unlawful arrest of Plaintiff.

24. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE SAMUEL LALLAVE occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY of NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

25. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26. That the actions of Defendant New York City Police DETECTIVE SAMUEL LALLAVE resulted in the false arrest, detention and search of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

27. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1)

through Twenty Six (26) as if fully set forth herein.

28. That the actions of Defendant New York City Police DETECTIVE SAMUEL LALLAVE resulted in the intentional infliction of emotional distress and physical injury to Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**THIRD STATE LAW CLAIM**

29. The Plaintiffs incorporates by reference the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That the actions of Defendant New York City Police Officer JOHN DOE NUMBER ONE resulted in the intentional infliction of emotional distress and physical injury to Plaintiff causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**FOURTH STATE LAW CLAIM**

31. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One(1) through Thirty (30) as if fully set forth herein.

32. That the actions of Defendant NEW YORK CITY POLICE DEPARTMENT, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police DETECTIVE SAMUEL LALLAVE resulted in the false arrest, detention and searches of Plaintiffs, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**FIFTH STATE LAW CLAIM**

33. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Four (34) as if fully set forth herein.

35. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training,

screening, supervising and/or instructing Defendant New York City Police DETECTIVE SAMUEL LALLAVE resulted in the false arrest, detention and search and seizure of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**SIXTH STATE LAW CLAIM**

36. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Five (35) as if fully set forth herein.

37. That the actions of Defendant NEW YORK CITY POLICE DEPARTMENT, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer JOHN DOE NUMBER ONE resulted in the false arrest, detention and search of the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**SEVENTH STATE LAW CLAIM**

38. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty seven (37) as if fully stated herein.

39. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer JOHN DOE NUMBER ONE resulted in the false arrest, detention, physical injury, and search of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**EIGHTH STATE LAW CLAIM**

40. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Nine (39) as if fully set forth herein.

41. That the actions of Defendant New York City Police Officer JOHN DOE NUMBER ONE intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe

anxiety, public humiliation and embarrassment, as well as damage to reputation, loss of wages and incurrence of monetary damages.

**NINTH STATE LAW CLAIM**

42. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty One (41) as if fully set forth herein.

43. That the actions of Defendant New York City Police DETECTIVE SAMUEL LALLAVE intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, loss of wages, incurrence of monetary damages, public humiliation and embarrassment.

**WHEREFORE,** the Plaintiffs demands the following relief jointly and severally against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant New York City Police DETECTIVE SAMUEL LALLAVE and New York City Police Officer JOHN DOE NUMBER ONE of Brooklyn North Narcotics.

3. Punitive Damages against Defendant NEW YORK CITY POLICE DEPARTMENT.

4. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

5. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: February 7, 2008

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373